ROBERT THOMPSON, JR. *vs.* WILLIAM TAYLOR *&* *al.*
and Trustee.

When a judgment creditor commences a trustee process on a judgment against
his debtor, who had been committed to prison on an execution issued on the
same judgment, and who *was then on the prison limits* by giving bond; it is
a sufficient compliance with the requirement of the *stat.* of 1821, *ch.* 61, § 16,
as to notice, if the notice be seasonably left with the keeper of the prison to
which such debtor was committed.

The officer's fees for the commitment of the debtor cannot be recovered *in
such suit on the judgment.*

Where the person, summoned as trustee in a foreign attachment, discloses that
he is indebted on account *to one of several defendants*, he is chargeable as
trustee.

THE action was debt on a judgment. The plaintiff took out
his execution on the judgment and gave it to an officer, who
committed *Taylor*, one of the judgment debtors, and one of the
defendants in this action, to prison. While *Taylor* was so in
prison, the plaintiff commenced the present trustee process, and
summoned one *Bowley*, as trustee. Within seven days the plain-
tiff in writing notified the keeper of the prison of the bringing of
the suit, and directed the discharge of *Taylor*. Before this time
*Taylor* had given bond to obtain the prison limits and had return-
ed to his own home. No notice was given to the debtor of such
discharge from imprisonment.

*Bowley* disclosed, that he was indebted to *Taylor*, but owed nothing to *Young*, the other defendant, and nothing to them jointly. The parties submitted to the decision of the Court, whether the action could be maintained ; and if maintainable, whether the plaintiff could in this action recover the amount of the officer's fees for committing the defendant, *Taylor*, to prison ; and also to determine, whether *Bowley* ought to be adjudged to be trustee. The Court were authorized to nonsuit the plaintiff, or default the defendant.

*D. F. Harding*, for the plaintiff, cited *revised stat. ch.* 61, § 16, to show that this process may be sued out, when the debtor has been arrested and committed to prison. He also cited *Cutts* v. *King*, 1 *Greenl.* 158; and *Codman* v. *Lowell*, 3 *Greenl.* 52. This statute gives the right to attach the property of the debtor or debtors, and to attach the credits of one or both by this process. The language is the same, and the construction should also be the same in both cases. It is sufficient to give the notice to the jailer within seven days, and if the debtor appears to surrender himself, he will then have the notice of his discharge. When the debtor is discharged in this way, the statute says, that the fees of commitment may be recovered.

*Thayer*, for the defendants.

At common law no action would lie, and the plaintiff has not brought himself within the statute. The debtor was not discharged until notice was given to him, and that was not within seven days of the time of suing out the process. He was as much in jail, when he was on the limits, as when within the walls of the prison. It is not for the debtor to enquire whether he is discharged ; and he remains imprisoned, until he is notified of his discharge.

The action is debt upon the judgment, and the officer's fees cannot be added to it. *Taylor* only is liable for the officer's fees, and to add them to the judgment would be to make *Young* also liable. The remedy is by a separate action.

*Bowley* should not be charged, as trustee. He was the debtor of *Taylor* only, and not of *Taylor* and *Young*. No action in favor of both could be maintained against *Bowley*, and therefore he is not chargeable in this action against both. The allegation

in the writ is, that he is the debtor of both, and the answer shows, that he is the debtor of but one, and he should therefore be discharged.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — By the act in relation to foreign attachment, *stat.* of 1821, *ch.* 61, *sec.* 16, it is provided, that a judgment creditor may pursue that process, if he does, within seven days after such process is served, discharge the body of the debtor, in case he is taken in execution upon the same judgment, by a note or memorandum in writing, directed and delivered to the officer, who has him in custody, stating the reason and occasion of the discharge of the person of the debtor. That was done in this case, and it is all which the statute requires. It is not made necessary, that such notice should be communicated by the plaintiff to the debtor. We are therefore of opinion, that the action is well maintained; and that the plaintiff is entitled to judgment.

*Ephraim Bowley,* the supposed trustee summoned, is by his disclosure the debtor of *William Taylor,* one of the principal defendants. Each of the defendants is liable to the plaintiffs for their whole demand. The goods or estate of each are liable to be attached, or taken on the execution, which may issue on the plaintiff's judgment. We perceive no reason therefore, either on principle or authority, why the several credit of either may not be attached on this process. The plaintiffs have leave to amend their writ, charging *Ephraim Bowley* as the trustee of *Taylor,* and thereupon he is adjudged trustee, according to his disclosure. This being debt on judgment, of which the fees of commitment constitute no part, they cannot be recovered in this action.